Spear, J.
It is suggested by counsel for defendant in error as a preliminary question, although not strenuously urged, that the entry of the superior court complained of is not a final order such as could .be the predicate of a proceeding in error. The circuit court evidently thought otherwise. Had that court agreed with this claim of counsel its judgment would have been a dismissal of the petition in error instead of an affirmance. In this conclusion we are in accord with the circuit court. The order does affect a substantial right in a summary application after judgment, and in that sense is a final order. (Section 6707, Revised Statutes.) But for such order the plaintiff would have been entitled in law to the immediate fruits of his judgment. Of this right the order deprived him. Hettrick v. Wilson, 12 Ohio St., 136; Braden v. Hoffman, 46 Ohio St., 639.
As' to the court’s control over its journal, and the judgments and orders thereon, the general rule is well settled. It is that during the term the discretionary power to vacate or set aside its judgments is ample,' but that discretionary power ends with the term, and the power to set aside a judgment on a motion made after the term is *260 governed by settled principles, to which the action of the court must conform. Huntington & McIntyre v. Finch & Co., 3 Ohio St., 445. This rule of court is not disputed, nor is it disputed that' courts have power to make rules of practice which are consistent with the law. The real question in the case, therefore, relates to the effect of the failure by plaintiff and the clerk to comply with the court’s rule known as Rule 16. This question, reduced to its last analysis, is whether or not the existence of Rule 16 and the failure of the clerk and the plaintiff to observe its requirements, deprived the trial court of power to render the judgment of December 28, 190.8? In other words, does the statute respecting the entry of judgment by default prevail; or, where the two provisions are inconsistent, does the rule prevail ?• The text of the rule is given in the statement which precedes. The statute, section 5133, Revised Statutes, is as follows: “In an action upon an account or written instrument for the payment of money only, or in foreclosure, judgment may be entered at any time during the term after the defendant is in default for an answer; but the court may, for good cause shown, give further time for answer.” It would seem not to require argument to show that the statute and the rights of parties under it cannot be abridged by a rule of court, and if a rule is framed so as to defeat or materially restrict the clear purpose of the statute, such rule cannot be held valid. It is insisted by counsel for defendant in error that the word “may” in the above section, and the last .clause respecting the giving of time to answer, indicate that the *261 rendition of judgment or its refusal is discretionary, and that the rule requiring three days’ notice of default in the Co%irt Index is not an abuse of discretion. This proposition, so far as it relates to discretionary power, or at least to the extent that the action of the court involves the exercise of some discretion, may be conceded, for it is held in Dallas v. Ferneau, 25 Ohio St., 635, that where judgment is rendered on default, in an action on an account, without proof of the plaintiff’s claim, there is no error for which the judgment will be reversed, the requiring of such proof, on failure to answer, being a matter within the discretion of the court. But this does not seem to advance the argument of counsel in this case. If the court possessed discretion to allow or refuse judgment on default, and might have required proof of notice in the Court Index before allowing it, it then exercised its discretion in favor of the plaintiff; it rendered the judgment. If the court had required compliance with Rule 1<5 before rendering the judgment, and the plaintiff were complaining of that, we would then have the question which counsel argue. The findings of the trial court and entry of judgment are -explicit. They apparently show the right of the plaintiff to a judgment by default precisely as it was rendered. If it was the absolute duty of the court, irrespective of any rule of court, upon plaintiff’s demand for a judgment, to render such judgment, then of course the rule could have no effect upon the situation, while if the court had discretion to refuse plaintiff’s demand, or comply with it, it could not be deprived of that discretion by a rule of court *262 unless the rule is in law superior to the statute. We think it is not. To hold that it .is superior would be to hold that a court is superior to the law, and by a rule can make a special rule of law for the city of Cincinnati, upon a subject of a general nature, different from the law prevailing in other sections of the state, a power which has been denied to the general assembly itself.
The rule is attacked as being invalid. We are not called upon to discuss this question, as it is not presented by the record. Whether or not, as a guide to the exercise of proper discretion in entering judgments by default, the rule is or not a reasonable one maj'- be properly left for decision until a case arises presenting the question.
The publication in the Court Index of notice that no more defaults would be granted during term is of no signification whatever upon an)r view of the case. The notice had not been directed by the superior court and could not apply to the business of that court. Nor could the failure of the clerk to note the default upon the appearance docket deprive the plaintiff of a right given by statute, the plaintiff being in no wise responsible for such omission.
We are of opinion that the record fails to show any irregularity in the rendition of the default judgment such as is contemplated by section 5354, Revised Statutes, which gives to the court after term authority to vacate or modify its judgments, and that the judgment of the superior court of March 8, 1909, suspending the judgment of the preceding term, was and is erroneous, as also is that of the circuit court affirming the judgment *263 below. Both judgments will be reversed and final judgment rendered for plaintiff in error.

Reversed.

Summers, C. J., Crew, Davis, Shauck and Price, JJ., concur.